United States District Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HOWIE, *derivatively on behalf of* CAMBER ENERGY INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-22-2167 |
| JAMES A. DORIS, *et al.*, | § § § | |
| Defendants. | § | |

### ORDER

Pending before the Court is Defendants' Motion to Dismiss (Document No. 30). Having considered the motion, submission, and appliable law, the Court finds the motion should be granted in part and denied in part.

This is a shareholder derivative action brought on behalf of Camber Energy Inc. ("Camber"). On June 30, 2022, Plaintiff Robert Howie ("Plaintiff"), a shareholder of Camber, brought this derivative action on behalf of Camber against Defendant James A. Doris, Defendant Frank W. Barker, Jr., Defendant Fred S. Zeidman, Defendant Robert Green, Defendant Louis F. Schott, Defendant Camber Energy, Inc. (collectively, "Defendants") for violations of federal securities law and Nevada common law based on allegedly materially false and misleading proxy statements issued in connection to financing transactions that resulted in the dilution

of existing shares. Defendants contend: (1) Plaintiff fails to adequately plead his antibundling claims; (2) Plaintiff fails to adequately plead his § 14(a) claims; (3) Plaintiff fails to adequately plead his common law claims; but (4) even if he did adequately plead them, any claims based on director actions and/or proxy statements released prior to June 30, 2019 are time barred. Plaintiff concedes any claims based on director actions and/or proxy statements released prior to June 30, 2019 are time barred[1] but contends the remaining claims were adequately plead. Given Plaintiff concedes the claims based on director actions and/or proxy statements released on or before June 30, 2019 are time barred, the Court finds the motion as to these claims should be granted.

However, having considered the remainder of the motion, submissions, and appliable law, the Court finds the motion as to the proxy statements and direction actions after June 30, 2019 should be denied. Therefore, the motion is granted as to proxy statements released and director actions occurring on or before June 30, 2019 and denied as to proxy statements released and director actions occurring after June 30, 2019. Accordingly, the Court hereby

---

[1] *Plaintiff's Opposition to Defendants' Motion to Dismiss*, Document No. 36 at 30–31.

**ORDERS** that Defendants' Motion to Dismiss (Document No. 30) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to the proxy statements and director actions on or before June 30, 2019 and denied as to the proxy statements and director actions after June 30, 2019.

SIGNED at Houston, Texas, on this **20** day of January, 2023.

DAVID HITTNER
United States District Judge