United States District Court
Southern District of Texas
**ENTERED**
September 17, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HOWIE, derivatively on behalf of CAMBER ENERGY INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No. 4:22-cv-02167 |
| JAMES A. DORIS, FRANK W. BARKER, JR., FRED S. ZEIDMAN, JAMES G. MILLER, ROBERT GREEN, LOUIS G. SCHOTT, ROBERT SCHLEIZER, DISCOVER GROWTH FUND LLC and JOHN C. KIRKLAND, | § § § § § § § § § | |
| Defendants, | § § | |
| CAMBER ENERGY, INC. | § § | |
| Nominal Defendant. | | |

## FINAL ORDER AND JUDGMENT

A hearing was held before this Court on September 12, 2024 (the "Settlement

Hearing"), to determine whether the terms and conditions of the Settlement—as

reflected in the Stipulation and Agreement of Settlement dated June 21, 2024 (the

"Stipulation"),[1] which is incorporated herein by reference—are fair, reasonable, and

adequate for the settlement of all Released Claims; and whether this Final Order and

---

[1] Unless otherwise defined herein, capitalized terms used in this Final Order and
Judgment shall have the meanings assigned to them in the Stipulation.

Judgment (the "Judgment") should be entered in the above-captioned action and all consolidated cases (the "Derivative Action").

It appearing that due notice of the Settlement Hearing has been given in accordance with the Scheduling Order, the Settling Parties having appeared by their respective attorneys of record, the Court having heard and considered evidence in support of the proposed Settlement, the attorneys for the Settling Parties having been heard, an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order, the Court having determined that notice to Current Camber Stockholders was adequate and sufficient, and the entire matter of the proposed Settlement having been heard and considered by the Court,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Court has jurisdiction over the subject matter of the Derivative Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Settling Parties and Current Camber Stockholders.

2.      This Final Judgment incorporates and makes a part hereof: (a) the Stipulation; (b) the Notice; and (c) the Scheduling Order.

3.      Based on the record in the Derivative Action, the Court finds that each of the provisions of Federal Rule of Civil Procedure 23.1 has been satisfied and the Derivative Action has been properly maintained according to Federal Rule of Civil Procedure 23.1.   Plaintiff and Plaintiff's Counsel have adequately represented the

2

interests of Camber and its stockholders, both in terms of litigating the Derivative Action and for purposes of entering into and implementing the Settlement.

4. The Court further finds that:

    a. the Derivative Action is being settled voluntarily by the Defendants; and

    b. the Settling Parties agree that throughout the course of the litigation, all parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11.

5. The Court finds that the Notice program:

    a. was implemented in accordance with the Scheduling Order;

    b. constituted notice that was reasonably calculated, under the circumstances, to apprise Current Camber Stockholders of: (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses ("Fee and Expense Application"); (iv) their right to object to the Settlement, Fee and Expense Application, or the Service Award Application; and (v) their right to appear at the Settlement Hearing.

    c. constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and

    d. satisfied the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution (including the Due Process Clause), and all

other applicable laws and regulations.

6.    Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23.1, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects and finds that the Settlement is, in all respects, fair, reasonable, and adequate to Plaintiff, the Individual Defendants, Camber, and its stockholders.  The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The definitions related to the Releases contained in ¶¶ 1.5, 1.18, 1.19, 1.20, and 1.27 of the Stipulation are expressly incorporated herein by reference and restated as follows:

    a.   "Defendants" means, collectively, the Individual Defendants and Camber.

    b.   "Related Persons" means each of the Defendants' past or present agents, employees, officers, directors, parents, subsidiaries, divisions, affiliates, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, spouses, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns, or other person in which any Defendant has a controlling interest, and each and all of their respective past and present officers, directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, trusts, predecessors, successors, and assigns.

4

c. "Released Claims" shall collectively mean any and all claims for relief (including Unknown Claims), rights, demands, suits, matters, causes of action, or liabilities, known or unknown, asserted or unasserted, that have been or could have been asserted in the Derivative Action by Plaintiff, Camber, or by any Current Camber Stockholder derivatively on behalf of Camber against any Defendant or Released Person arising out of or based upon the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act that were or could have been alleged in the Derivative Action, or any claims in connection with, based upon, arising out of, or relating to the Settlement, but excluding any claims to enforce the Settlement set forth in this Stipulation. Excluded from the term "Released Claims" are (i) all claims alleged in the Related Securities Class Action and (ii) all claims, rights, or obligations of Camber or the Individual Defendants regarding indemnification, contribution, or insurance matters, as set forth in ¶ 5.4 and ¶ 5.5 of the Stipulation.

d. "Released Persons" means each of the Defendants and their Related Persons.

e. "Unknown Claims" means any of the Released Claims which Plaintiff, Camber, Current Camber Stockholders, or Defendants do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, including claims which, if known by him, her, or it,

might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiff and Defendants shall expressly waive and each of the Current Camber Stockholders shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights, and benefits of California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, Plaintiff and Defendants shall expressly waive, and each of the Current Camber Stockholders shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any jurisdiction or any state or territory of the United States or any foreign jurisdiction, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiff, Defendants, and Current Camber Stockholders may hereafter discover facts in addition to or different from those which he, she, or it now

knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, each Plaintiff and Defendant shall expressly settle and release, and each Current Camber Stockholder shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non- contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Current Camber Stockholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

8.      The releases contained in ¶¶ 5.1 and 5.3 of the Stipulation shall be effective as of the Effective Date, and are expressly incorporated herein by reference and restated as follows:

a.   Upon the Effective Date, Camber, Plaintiff (acting on their own behalf and derivatively on behalf of Camber), and each of the Current Camber Stockholders (solely in their capacity as such) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

7

relinquished, and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement or resolution of the Derivative Action against the Released Persons, provided that nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation or the Judgment.

b.  Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiff, Plaintiff's Counsel, Camber, and all of the Current Camber Stockholders (solely in their capacity as such) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or the Judgment.

9.  Plaintiff's Counsel are hereby awarded a Fee and Expense Award in the amount of $ __$1,200,000.__ _____, which the Court finds to be fair and reasonable, and a Service Award to Plaintiff in the amount of $__5000.__ The Fee and Expense Award and the Service Award shall be paid pursuant to the provisions of the Stipulation.  Neither Plaintiff, nor Plaintiff's Counsel, shall make, or assist any other counsel in making, any

8

application for an award of fees or expenses in any other jurisdiction.

10.     The above-captioned Derivative Action pending in this Court, and all of the claims asserted therein are dismissed with prejudice against Defendants. The Settling Parties are to bear their own costs, except as otherwise provided in this Judgment, the Scheduling Order, and the Stipulation. For the avoidance of doubt, nothing in this Final Judgment, the Settlement, or the Stipulation expands, augments, alters, restricts, curtails or limits the indemnification obligations of Camber to the Individual Defendants.

11.     The Court hereby permanently bars and enjoins Camber, Plaintiff (acting on its own behalf and derivatively on behalf of Camber), and each of the Current Camber Stockholders (solely in their capacity as such) from filing or prosecuting, or aiding in filing or prosecuting, the Released Claims.

12.     Neither the Settlement, the Stipulation (including any exhibits attached thereto), nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (i) is, may be deemed to be, or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Camber; or (ii) is, may be deemed to be, or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Persons in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither the Stipulation nor the

Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

13.    No proceedings or court order with respect to the Fee and Expense Award or any other award of fees or expenses to counsel representing any Current Camber Stockholder shall in any way disturb or affect any other provision of this Judgment (including precluding this Judgment from being treated as final for purposes of any appeal or otherwise being treated as entitled to preclusive effect), and any such proceedings or court order shall be considered separate from this Judgment. The binding effect of this Judgment and the obligations of the Settling Parties under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of the Fee and Expense Award.

14.    Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of the Settling Parties or Current Camber Stockholders in connection with the Settlement.

15.    Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Settling Parties and all Current Camber Stockholders for purposes of the administration, implementation, and enforcement of the Settlement, Stipulation, and this Judgment.

16.    There is no just reason to delay the entry of this Judgment as a final judgment in the above-captioned Derivative Action pending in this Court. Accordingly, the Clerk is expressly directed to enter immediately this Judgment dismissing with prejudice the above-captioned Derivative Action pending in this Court.

DATED: _____ **SEPT. 17** _____, 2024

_____
Hon. David Hittner
United States District Court Judge

11